**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE

MERCURY DATA SYSTEMS, INC.                                      CASE NO. 18-50183

DEBTOR

**OPINION AND ORDER**

John Taylor, former President of the Debtor, applied for administrative expense priority for three categories of expenses [ECF No. 112]:

1. $227.49 for expenses incurred on February 16 and 19, 2018, for preparation, shipping and invoicing two TrakPoint systems to Penn State Applied Research Laboratory;

2. $3,533.65 as compensation for preparation of the final invoice of $124,191.85 to Kentucky Science and Technology Corporation submitted April 21, 2018; and,

3. $2,812.50 as compensation for travel to and attendance at meetings with the Army Expeditionary Warrior Exercises between April 23-26, 2018.

Administrative expense priority is difficult to achieve.  Taylor must prove the expenses are actual costs necessary to the preservation of the estate.  *In re HNRC Dissolution Co.*, 371 B.R. 210, 225 (E.D. Ky. 2007), *aff'd,* 536 F.3d 683 (6th Cir. 2008).  The Court in *HNRC* explained: "To that effect, the narrow application of § 503(b)(1)(A) is rather unambiguous on its face: the claimed expense must have been an 'actual' cost that is 'necessary' to the 'preservation' of the estate."  *Id* (citation omitted).

An evidentiary hearing was held on September 20, 2019.  Taylor satisfied his burden for a portion of the item 2 expense and is entitled to an administrative priority claim of $2,884.60.  Taylor did not prove the remaining expenses were actual or necessary.

**Item 1.**  Taylor seeks payment of wages related to his efforts to deliver the evaluation system, and provide an invoice, to Penn State Applied Research Laboratory on February 16 and 19.  These dates preceded entry of the order for relief entered on March 5, 2018.  [ECF No. 4.]  Therefore, there was no bankruptcy estate that could have incurred an administrative priority claim.  At most, Taylor might have a gap period claim that is in a second position after administrative expense claims.  11 U.S.C. §§ 502(f), 507(a)(3).

No claim is due regardless because Taylor never expected to receive compensation for the work performed.  The June 8, 2018 Memorandum Opinion and Order that denied the Debtor's motion to convert or dismiss found that Taylor did not know the bankruptcy case was filed until sometime after entry of the Order for Relief on March 5, 2018.  [ECF No. 86.]  In February 2018, Taylor was only attempting to protect his equity in the company, not receive payment for work performed.

**Item 2.**  The proof is sufficient to allow an administrative priority claim for a part of Taylor's time to prepare the final invoice on a grant provided by KSTC.  The invoice was due on April 20, 2018, but was filed ten minutes late.  KSTC agreed to accept the late invoice and make the payment.

The Trustee and Taylor met on April 11, 2018, to discuss several items, including preparation of the final KSTC invoice.  The evidence supports Taylor's contention he was authorized to work on the invoice at the meeting.  The Trustee proved Taylor was not authorized to tender the invoice until it was reviewed by the Trustee.  Submitting the invoice without the Trustee's approval was a violation of those instructions, but Taylor showed it was necessary.

The evidence shows it is likely the estate would not have met the April 20 deadline to submit the invoice if Taylor had not taken action.  Taylor's testimony describes conflicts in the

financial information necessary to prepare the report.  He also explained the need to reconcile this information and described the extended time it took him to prepare an accurate invoice.  The facts show Taylor had to do substantial work to present accurate information to the Trustee.

The Trustee argued that he could have completed the invoice once he received the information.  But the work required from Taylor and the short turn-around time meant the Trustee would have had little or no time to prepare the invoice.  Contrary to the Trustee's position, preparing a timely invoice that insured payment of the grant funds is preservation of an asset of the estate.

There is no specific evidence that a fee was discussed, although prior argument explained the amount is based on Taylor's prepetition salary.  The KSTC grant payment based on the invoice is the source of over 70% of the estate's cash assets and the fee is just over 2% of the amount collected.  Based on this, the amount does not shock the conscience.

Taylor is not entitled to compensation for work before he was authorized to act by the Trustee on April 11.  Four charges totaling $649.05 were incurred before April 11, so he had no expectation of payment.   It is found and determined that Taylor's claim for $2,884.60 is an actual and necessary expense entitled to administrative priority treatment.

**Item 3.**  Taylor went to meetings in late April in Georgia to gain the Army's support for the TrakPoint system.  Taylor believes he had authority, but he testified on cross-examination that Miller told him in their first meeting on April 11 that he was not authorized to conduct business on behalf of the bankruptcy estate.  The evidence confirms Taylor did not have authority to attend this meeting.

The Trustee's refusal to authorize the travel and related expense was reasonable.  The Debtor was in a chapter 7 liquidation proceeding and had no authority to operate.  *See* 11 U.S.C.

§ 704(a)(8). Taylor also testified on cross-examination that there was no guaranty the bankruptcy estate would receive any return from his attendance at the meeting.

The factual findings in the June 8 Memorandum Opinion [ECF No. 86] confirm the Debtor did not benefit from this visit. Essentially, the trip occurred because Taylor hoped he would regain control of the company and wanted to protect his equity investment. He gambled and went to the event, but his arguments to convert or dismiss were not successful. Therefore, the expenses were not actual or necessary.

For these reasons, it is ORDERED that Taylor's Motion for Allowance of Administrative Claim [ECF No. 112] is GRANTED IN PART and DENIED IN PART. Taylor is allowed an administrative priority claim in the amount of $2,884.60. Despite this determination, payment must await further orders resolving issues with Taylor's use of a portion of funds received from Penn State Applied Research Laboratory related to the claim in item 1.

4

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Tuesday, September 25, 2018
(grs)